IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

DNM SEAFOOD, INC.                          )
                                           )
         Plaintiff                         )
                                           )
v.                                         )    CASE NUMBER 1:05CV02181
                                           )    JUDGE: Emmet G. Sullivan
PRUITT'S SEAFOOD, INC.                     )    DECK TYPE: Contract
P.O. Box 75                                )    DATE STAMP: 11/07/2005
Harborton, VA 23389                        )
                                           )
and                                        )
                                           )
STEWART B. PRUITT                          )
T 600 Seaside Road                         )
Nassawadox, VA 23413                       )
                                           )
                                           )
         Defendants                        )

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that defendants Pruitt's Seafood, Inc. and Stewart B. Pruitt (collectively "Defendants"), by counsel, pursuant to 28 U.S.C. Sections 1332 and 1446, hereby remove the above-captioned case to the United States District Court for the District of Columbia, and in support thereof, states as follows:

1.  On September 27, 2005, Plaintiff DNM Seafood, Inc. ("Plaintiff") filed a Complaint against defendants in the Superior Court for the District of Columbia, Case No. 05-0007859. A copy of the Complaint is attached as Exhibit A. The Complaint asserts causes of action for Fraudulent Inducement (Count I), Failure of Consideration and Rescission (Count II), and Breach of Contract (Count III) stemming from the sale of Pruitt's Seafood, Inc.'s assets to Plaintiff.

2.  Plaintiff is a District of Columbia corporation.

3. Defendant Pruitt's Seafood, Inc. is a Virginia corporation and its principal place of business is in the Commonwealth of Virginia.[1] Defendant Stewart B. Pruitt is a resident of the Commonwealth of Virginia. There are no other defendants in this case.

4. Complete diversity of jurisdiction exists between the parties and the amount-in-controversy exceeds $75,000, pursuant to 28 U.S.C. Section 1332. Plaintiff, among other things, seeks to rescind the parties' Sales Agreement and recoup amounts paid by Plaintiff to Defendant of at least $1,100,000.

6. Plaintiff has demanded a trial by jury in the Complaint.[2]

7. Defendant has filed this Notice of Removal within thirty (30) days of its receipt of the Complaint, pursuant to 28 U.S.C. Section 1446(b). Service on Defendants was made on October 18, 2005.

8. Copies of all process, pleadings, and orders in this action are attached, pursuant to 28 U.S.C. Section 1446(a).

PRUITT'S SEAFOOD, INC.
STEWART B. PRUITT

By: _____
Of Counsel

Karen A. Doner (D.C. Bar No. 458626)
WILLIAMS MULLEN
8270 Greensboro Drive, Suite 700
McLean, VA 22102
(703) 760-5200
(703) 748-0244 (Fax)

---

[1] The Complaint incorrectly asserts that Pruitt's Seafood, Inc. is a District of Columbia corporation.
[2] Certain transaction documents contain waivers of jury trial, and Plaintiff therefore may not be entitled to a trial by jury.

2

William F. Devine (Va. Bar No. 26632)
David A. Greer (Va. Bar No. 24128)
Kendra J. Jarrell (Va. Bar No. 65583)
WILLIAMS MULLEN HOFHEIMER NUSBAUM
1700 Dominion Tower
Post Office Box 3460
Norfolk, Virginia 23514-3460
(757) 622-3366
(757) 629-0700 (Fax)

### Certificate Of Service

I HEREBY CERTIFY that on this 7th day of November, 2005, a copy of the foregoing document was sent via first-class mail postage prepaid, to:

> Simon M. Osnos, Esq.
> 7700 Leesburg Pike, #434
> Falls Church, VA 22043
> Counsel for Plaintiff

*Karen A. Doner*

1207814v1

3

SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

DNM SEAFOOD, INC.
1100 Maine Avenue, S.W.
Washington, D.C. 20024

Plaintiff,

vs.

PRUITT'S SEAFOOD, INC.
Serve: CT Corporation System
       Registered Agent
       1015 15th Street, N.W.
       Washington, D.C. 20005

and

STEWART B. PRUITT
T 600 Seaside Road
Nassawadox, Virginia 23413

Defendants.

05-0007859

Case No. _____

FILED
CIVIL ACTIONS BRANCH
SEP 27 2005
Superior Court
of the District of Columbia
Washington, D.C.

## COMPLAINT

Plaintiff, by counsel, files this complaint against defendants based on the grounds set forth below.

1. Jurisdiction over this litigation is based on District of Columbia Code §11-923.

2. Plaintiff DNM Seafood, Inc. ("DNM") is a District of Columbia corporation.

3. Defendant Pruitt's Seafood, Inc. ("Pruitt") is a District of Columbia corporation.

4. Defendant Stewart B. Pruitt is a resident of Virginia.

1

COMPLETED



5. Over a period of two (2) years ending April 28, 2004, Sung Jin Kim, who later became plaintiff's promoter, president and major shareholder, engaged in discussions with defendant, through its agent Stewart B. Pruitt, regarding the lease, and eventually the sale, of defendant's retail fish market business operated on the Maine Avenue waterfront, in the District of Columbia.

6. All discussions regarding the price of the assets were based on representations made by Stewart B. Pruitt regarding earnings which he derived from his employment with, and ownership interest in, Pruitt Seafood.

7. All discussions between Kim and Pruitt took place in the District of Columbia.

8. By contract dated April 28, 2004, the parties executed a Sales Agreement providing for plaintiff's purchase of certain assets of defendant's retail seafood business operated at the Maine Avenue waterfront, including barges, cook-boat, coolers, freezers, equipment, trade name "Pruitt Seafood," goodwill and dock lease.

9. The contract called for a down payment of $650,000.00, and execution of deferred purchase promissory notes totaling $2,350,000.00, for a total price of $3,000,000.00.

### COUNT I: FRAUDULENT INDUCEMENT

10. Defendant was induced to execute the contract to purchase the seafood business assets by the intentional, malicious and material misrepresentations of the defendant's agent and major shareholder, Stewart B. Pruitt, on which plaintiff's promoter, president and majority shareholder, Sung Jin Kim, did reasonably rely.

2

11. Specifically, Stewart B. Pruitt falsely stated that he personally received one million dollars ($1,000,000.00) per year from the seafood business, derived from his employment with, and ownership interest in, Pruitt's Seafood, Inc., and that the $3,000,000.00 purchase price for the corporation's assets was based on his existing earnings level.

12. Plaintiff's agent Sung Jin Kim asked Pruitt numerous times for his personal tax returns in order to verify Pruitt's statements. Pruitt said on numerous occasions that he would obtain his tax returns from his accountant and deliver them to Kim, but he never did so. Upon each request by Kim, Pruitt reiterated that his earnings amounted to $1,000,000.00 per year and that Kim should trust his representations.

13. Settlement took place on May 4, 2004. Net of closing adjustments, pursuant to the Sales Agreement, plaintiff paid three million dollars ($3,000,000.00) for the assets, in the form of a cash down payment of six hundred fifty thousand dollars ($650,000.00), and execution of two (2) promissory notes totaling two million three hundred fifty thousand dollars ($2,350,000.00). One of the notes, in the amount $150,000.00 has been paid in full. Plaintiff has made substantial payments on the $2,200,000.00 promissory note to defendant.

14. Based on the retail sales volume generated by plaintiff through its post-settlement operation of the Pruitt Seafood assets, using the same personnel and method of operation as defendant, and based on plaintiff's cost-of-goods as a percentage of retail prices, plaintiff has concluded that the pre-contract and pre-settlement statements by Stewart B. Pruitt as to the earnings of the business were false.

3




15. On information and belief, the sales of Pruitt Seafood, Inc. had been declining in the years prior to the parties' contract and the company sales were no where near sufficient to generate net earnings and benefits of $1,000,000.00 to Stewart B. Pruitt.

16. At all times Stewart B. Pruitt acted as the agent for defendant Pruitt's Seafood, Inc. and all of his misrepresentations to plaintiff and its agents are chargeable to the corporation.

17. Plaintiff has been damaged by the material false representations of defendant's agent Stewart B. Pruitt. The defendant's on-going retail fish market business was worth far less at the time of purchase than it would have been worth had the defendant's representations as to prior earnings been true. The $3,000,000.00 contract value of the business was based on alleged earnings and profits accruing to Stewart B. Pruitt of $1,000,000.00 per year.

18. The true value of the business is substantially lower than $3,000,000.00, and, based on the parties' negotiations, is worth no more than three (3) times Stewart B. Pruitt's average annual earnings and profits from the corporation during the two (2) calendar years prior to execution of the contract on April 28, 2004.

19. But for the false statements of Stewart B. Pruitt, plaintiff would not have purchased the defendant corporation's retail seafood market assets, and plaintiff would not have spent money, to the extent of $300,000.00, to repair numerous defects in the barges and cook-boat conveyed by defendant corporation to plaintiff.

20. Plaintiff has been damaged by defendants' fraud and is entitled to rescind this transaction and recover back all monies paid towards acquisition of the seafood market assets as well as an amount equal to all expenditures made to put the barges and cook-boat in seaworthy condition.

21. Alternatively, if rescission is not an available remedy, plaintiff is entitled to an award of compensatory damages in an amount to be proven at trial, equal (A) to the difference in value between (i) the $3,000,000.00 contract price, and (ii) three (3) times Stewart B. Pruitt's net earnings and profits for the two (2) year period April 28, 2002–April 28, 2004, (B) an amount equal to all expenditures made to put the barges and cook-boat in seaworthy condition, and (C) the reasonable, estimated additional expense of restoring the vessels to seaworthiness, all of said damages to be offset against the $2,200,000.00 promissory note held by defendant.

## COUNT II: FAILURE OF CONSIDERATION AND RESCISSION

22. The parties' April 28, 2004 contract provided that the agreement was subject to the parties obtaining assignment of the existing dock lease agreement between seller and the District of Columbia as agent for the United States government.

23. The parties closed the transaction on May 4, 2004, prior to the District's approval of the lease assignment, under a so-called "Management Agreement" which was to terminate upon the earlier of (i) valid assignment of the lease, or (ii) sixty (60) days after the closing. Plaintiff has paid substantial fees to the defendants pursuant to the "Management Agreement" and subsequent to expiration of the management agreement.

5



24. To date, despite diligent effort, plaintiff has been unable to obtain an assignment of the lease and the "Management Agreement" has expired by its terms.

25. The non-assignment of the lease represents a failure of consideration and plaintiff is entitled to rescind this transaction and recover back all monies paid towards acquisition of the seafood market assets as well as an amount equal to all expenditures made to put the barges and cook-boat in seaworthy condition.

26. Plaintiff has paid at least $800,000.00 towards the asset purchase and is entitled to rescind the transaction and receive back that amount from defendants, and an amount equal to all payments on the $2,200,000.00 note, plus the expenditures made to put the barges and cook-boat in seaworthy condition, totaling at least $300,000.00.

### COUNT III: BREACH OF CONTRACT

27. Under ¶ of the 6(a) of the Sales Agreement, the defendant corporation promised that all equipment conveyed to the plaintiff would be in good working order, reasonable wear and tear excepted.

28. As of settlement, the barges and cook-boat conveyed to plaintiff were in poor and unseaworthy condition, in breach of the Sales Agreement.

29. Plaintiff has spent at least three hundred thousand dollars ($300,000.00) to remedy the defects in the barges and the cook-boat, and will be required to spend an additional $500,000.00 to restore the vessels to seaworthy condition, and defendant corporation is liable to pay that amount in damages to plaintiff.

WHEREFORE, plaintiff prays for judgment against the defendants as follows:

A. As to Count I, entry of an order rescinding the transaction and requiring defendants to repay plaintiff eight hundred thousand dollars ($800,000.00) or such other amount as plaintiff proves to have been paid pursuant to the Sales Agreement and the $2,200,000.00 promissory note, in addition to the amounts spent by plaintiff to remedy the defects to the barges and cook-boat, or alternatively, if rescission is not an available remedy;

B. Entry of an order awarding plaintiff such compensatory damages against defendants, jointly and severally, as may be proven at trial.

C. As to Count II, entry of an order rescinding the transaction and requiring defendants jointly and severally to repay plaintiff eight hundred thousand dollars ($800,000.00) or such other amount as plaintiff proves to have been paid pursuant to the Sales Agreement and the promissory notes, in addition to the amounts spent by plaintiff to remedy the defects to the barges and cook-boat.

D. As to Count III, entry of an order awarding plaintiff its compensatory damages jointly and severally against defendants in the amount $300,000.00 or such other amount proven by plaintiff to have been spent to remedy the defects to the barges and cook-boat, and for such additional amounts as may be required to restore the vessels to seaworthy condition.

E. An award of attorney's fees.

F. An award of costs.

F. For such other relief as may be appropriate at law or in equity.

*[signature]*
Simon M. Osnos #295006
7700 Leesburg Pike, #434
Falls Church, Virginia 22043
703-356-8233

### JURY DEMAND

Plaintiff demands trial by jury of all matters referenced in the foregoing complaint.

*[signature]*
Simon M. Osnos

8

CA Form 1

## Superior Court of the District of Columbia
### CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001 Telephone: 879-1133

DNM Seafood, Inc.
1100 Maine Ave., SW
Washington DC 20024 **Plaintiff**

05-0007859

vs.

Civil Action No. _____

Stewart B. Pruitt
T 600 Seaside Rd.  **Defendant**
Nassawadox, VA
23413

**SUMMONS**

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

Simon M. Osnos
Name of Plaintiff's Attorney

7700 Leesburg Pike, 434
Address Falls Church, VA 22043

703-356-8233
Telephone

By _____
Deputy Clerk

Date 9/27/05

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

CA Form 1

## Superior Court of the District of Columbia
### CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001 Telephone: 879-1133

DNM Seafood, Inc.
1100 Maine Ave., SW
Washington, DC 20024      *Plaintiff*

05-0007859

vs.                                         Civil Action No. _____

Pruitt's Seafood, Inc
CT Corporation System     *Defendant*
Registered Agent
1015 15th Street, NW
Washington, DC 20005      **SUMMONS**

To the above named Defendant:

    You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

    You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

Simon M. Osnos
**Name of Plaintiff's Attorney**

7700 Leesburg Pike, 434      By _____
**Address**                       *Deputy Clerk*
Falls Church, VA 22043

703-356-8233                  Date  9/27/05
**Telephone**

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

# Superior Court of the District of Columbia
### CIVIL DIVISION — CIVIL ACTIONS BRANCH

## INFORMATION SHEET

05-0007859

DNM Seafood, Inc.
vs.
Pruitt's Seafood, Inc.

Case Number: _____

Date: 09/27/05

| | |
|---|---|
| Name: (please print) Simon M. Osnos | Relationship to Lawsuit |
| Firm Name: Osnos & Kim, LLC | ☒ Attorney for Plaintiff |
| Telephone No.: 703-356-8233    Unified Bar No.: 295006 | ☐ Self (Pro Se)<br>Other: |

TYPE OF CASE:  ☐ Non-Jury    ☐ 6 Person Jury    ☐ 12 Person Jury

Demand: $ 3,000,000.00    Other: _____

**PENDING CASE(S) RELATED TO THE ACTION BEING FILED**

Case No. _____ Judge _____ Calendar # _____

Case No. _____ Judge _____ Calendar # _____

**NATURE OF SUIT:** (Check One Box Only)

**A. CONTRACTS**                                             **COLLECTION CASES**
- ☒ 01 Breach of Contract         ☐ 07 Personal Property     ☐ 14 Under $25,000 Pltf. Grants Consent
- ☐ 02 Breach of Warranty         ☐ 09 Real Property-Real Estate   ☐ 16 Under $25,000 Consent Denied
- ☐ 06 Negotiable Instrument      ☐ 12 Specific Performance   ☐ 17 OVER $25,000
- ☐ 15 Other: _____

**B. PROPERTY TORTS**
- ☐ 01 Automobile                 ☐ 03 Destruction of Private Property   ☐ 05 Trespass
- ☐ 02 Conversion                 ☐ 04 Property Damage        ☐ 06 Other: _____
- ☐ 07 Shoplifting, D.C. Code § 3-441

**C. PERSONAL TORTS**
- ☐ 01 Abuse of Process           ☐ 09 Harassment             ☐ 17 Personal Injury
- ☐ 02 Alienation of Affection    ☐ 10 Invasion of Privacy    ☐ 18 Wrongful Death
- ☐ 03 Assault and Battery        ☐ 11 Libel and Slander      ☐ 19 Wrongful Eviction
- ☐ 04 Automobile                 ☐ 12 Malicious Interference ☐ 20 Other: _____
- ☐ 05 Deceit (Misrepresentation) ☐ 13 Malicious Prosecution  ☐ 21 Asbestos
- ☐ 06 False Accusation           ☐ 14 Malpractice Legal      ☐ 22 Toxic/Mass Torts
- ☐ 07 False Arrest               ☐ 15 Malpractice Medical
- ☐ 08 Fraud                      ☐ 16 Negligence

SEE REVERSE SIDE AND CHECK HERE ☐ IF USED

Form CV(6)-496/Feb. 95                                          5-0993-1 wd-354



### SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### CIVIL DIVISION

DNM SEAFODD, INC.
Vs.
PRUITT'S SEAFOOD, INC.

C.A. No.    2005 CA 007859 B

### INITIAL ORDER

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(o).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive reading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge as an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Civil Assignment Office (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

Chief Judge Rufus G. King, III

Case Assigned to: Judge NATALIA COMBS GREENE
September 27, 2005
Initial Conference: 9:00 am, Friday, December 30, 2005
Location: Courtroom 312
500 Indiana Avenue N.W.
WASHINGTON, DC 20001

Caio.doc