UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DNM ENTERPRISES, INC.,                :
                                      :
    Plaintiff,                        :
                                      :   Civil No. 05-2181EGS
vs.                                   :   Judge E.G. Sullivan
                                      :
PRUITT'S SEAFOOD, INC., et al.        :
                                      :
    Defendants.                       :

PLAINTIFF'S OPPOSITION TO MOTION FOR
TRANSFER OF VENUE

Plaintiff opposes the defendants' motion to transfer venue for the reasons herein set forth.

1. Plaintiff's claims arise from its purchase of a substantial seafood retail business from defendant. The business was operated by defendant in the District of Columbia, and is currently operated by plaintiff in the District. A substantial part of the purchase price is represented by a promissory note in favor of defendant Pruitt's Seafood, Inc. ("PSI") secured by business assets in the District.

2. Defendants' argument for transfer of venue out of the District is predicated on forum selection clauses in the promissory note and security agreement, providing that the plaintiff, as debtor on the note and security agreement, consents to jurisdiction at the option of the defendant, as creditor and secured party, in state court in Virginia Beach, and the federal court in Norfolk. However, the clauses cited by the defense are not mandatory, exclusive jurisdiction provisions of the sort which justified transfer of venue in the cases cited by defense counsel.

1

3. The note provides that the plaintiff "submits to jurisdiction" in the aforementioned courts, and defendant noteholder "may, at its option, enforce its rights under the Note in such courts," while the security agreement provides that the plaintiff submits to the "non-exclusive jurisdiction" of those courts and the noteholder "may, at its option, enforce its rights under the Security Agreement" in those courts.

4. These provisions are permissive and non-exclusive, which in no way merit a transfer of venue. See Asia North America Eastbound Rate Agreement v. Pacific Champion, 864 F.Supp. 195 (D.D.C.1994), wherein the phrase "consents to the jurisdiction of and the enforcement of said rights in the Courts of the State of New York and/or in the District of Columbia" was held to be permissive and non-exclusive (while nonetheless upholding the plaintiff's forum choice given the special considerations underlying admiralty disputes). See also Byrd v. Admiral Moving and Storage, Inc., 355 F.Supp.2d 234, 238 (D.D.C.2005):

> "[a]s in Hunt, the clause is permissive rather than mandatory; it does not state that venue "shall ONLY lie" in Broward County, Florida. Thus, although this suit could have been brought in Florida, it may also be brought anywhere else where venue lies."

5. Because the forum selection clauses are permissive, the standard that the defense argues plaintiff must meet in order to avoid the effect of forum selection clauses, i.e., inability to obtain a fair trial, is not the governing standard. That standard applies only where there is a valid, mandatory forum selection clause. Instead, the factors governing the motion for transfer of this case are the forum non conveniens factors enumerated by the defense at p.7 of the venue transfer motion, with the first factor being the plaintiff's choice of forum.

6. Plaintiff's choice of forum is entirely practical and defensible.  First, the plaintiff corporation does business in, and is domiciled in, the District of Columbia.  Second, plaintiff's claims arise from purchase of a substantial enterprise with its sole location in the District, formerly owned and operated in the District by defendant PSI.  Third, plaintiff's claim for rescission of the purchase due to non-assignment of the dock lease held by defendant Pruitt's Seafood, Inc. involves action, or non-action, by the District of Columbia, and has a clear nexus with the District.  Plaintiff's claim for damages due to the defective condition of the barges and cook-boat which it purchased from defendant involves the condition, inspection and repair of assets located in the District.  Fourth, the plaintiff's claim based on fraudulent misrepresentation has a direct nexus with the District, as defendants' concede in the affidavit of Stewart Pruitt that "meetings between me and Sung Jin Kim took place in the District of Columbia" and discussions took place "on my cellular phone driving from the business to my house."

7. Additionally, the law to be applied in this case to the plaintiff's claims will be District of Columbia law.  While the sale contract attached as defense Exhibit B provides at ¶15 that it be governed by Virginia law, that provision does not exclude or foreclose application of Virginia conflicts law, which point back to the law of the District as the law of this transaction.

8. In cases of fraud, Virginia conflicts law would apply the law of the jurisdiction where the harm is sustained, to resolution of the claim. See Insteel Industries, Inc. v. Costanza Contracting Co., Inc., 276 F.Supp.2d 479, 486 (E.D.Va. 2003):

> In applying the traditional *lex loci delicti* doctrine to a fraud claim, the Fourth Circuit has followed the Restatement (First) of Conflicts of Laws absent clear authority in State law adopting a different approach. In the unpublished decision in *Jordan v. Shaw Industries, Inc.,* No. 96-2189, et al., 1997 WL 734029 (4th Cir. Nov. 26, 1997), the Fourth Circuit, applying the *lex loci delicti* doctrine to a fraud action, followed the Restatement (First) view, which dictates that " '[w]hen a person sustains a loss by fraud, the place of the wrong is where the loss is sustained, not where the fraudulent representations are made.' " *Id.* at 3 (quoting Restatement (First) Conflicts of Laws §§ 377 n. 4 (1934)).

9. Thus, under applicable authority, plaintiff's fraud claim will be governed by District of Columbia law, as the harm caused by the alleged fraud was sustained in the District.

10. With respect to the contract issues of rescission and breach, Virginia choice-of-law applies the law of the jurisdiction in which performance is due in order to determine rights and duties under the contract. Everything relating to the making of the contract is to be governed by the law of the place where it was made; everything relating to the performance of the contract is to be controlled by the law of the place of performance. Arkla Lumber & Manufacturing Co. v. West Virginia Timber Co., 146 Va. 641, 650, 132 S.E. 840, 842 (Va. 1926).

11. Plaintiff's choice of its home forum, where it conducts business and where the cause of action arises, is an appropriate choice which strongly favors retaining venue in this court. See Intranexus, Inc. v. Siemens Medical Solutions Health Services Corp., 227 F.Supp.2d 581 (E.D.Va. 2002)(Virginia choice of forum by domestic purchaser of software business from Pennsylvania seller entitled to deference); General Creation LLC v. Leapfrog Enterprises, Inc., 192 F.Supp.2d 503 (W.D.Va. 2002)(plaintiff's choice of forum should not be disturbed on convenience grounds

unless the balance is strongly in favor of the defendant).

12. Plaintiff's choice of venue where it is correctly laid is of paramount importance when adjudicating a motion to transfer.  As to defendant PSI, venue would have been proper in this forum under 28 U.S.C. §1391 had the action originally been filed in this court as "a substantial part of the events or omissions giving rise to the claim occurred" in the District (28 U.S.C. §1391(a)(2)), a "substantial part of the property that is the subject of the action is situated in" the District of Columbia (28 U.S.C. §1391(a)(3)), defendant PSI is deemed to reside in the District as it is clearly subject to personal jurisdiction due to its business presence in the District and the sale of its District-based business assets to plaintiff (28 U.S.C. §1391(c)).[1]

13. Venue would have been proper as to defendant Pruitt, as he is clearly subject to personal jurisdiction in the District based on allegedly tortious conduct, i.e., fraudulent misrepresentation, committed in the District. D.C. Code §13-423(a)(3), (4).

14. The mere shifting of inconvenience from one party to another is not a sufficient reason to change venue; the net convenience must increase. Sheraton Operating Corp. v. Just Corporate Travel, 984 F.Supp.22 (D.D.C. 1997).  Here, the "net convenience" test in this case is not met. Parties, such as PSI and Mr. Pruitt, are expected to be able to travel to a foreign forum. Samsung Electronics Co., Ltd. v. Rambus, Inc., 386 F.Supp. 2d 708 (E.D.Va. 2005).  Furthermore, on information and belief, co-defendant Stewart Pruitt, PSI defendant's principal officer and general manager, often travels to the District in connection with an ongoing wholesale fish

---

[1] Pruitt's Seafood, Inc. appears to be currently registered as a foreign corporation in the District of Columbia, a status maintained since 1992.

5

business, and defendants have retained a law firm which evidently maintains an office in Tysons Corner, as well as in Norfolk. On the other hand, plaintiff's attorney, while a member of the federal bar for the Eastern District, does not have an office in Norfolk.

15. As far as non-party witnesses are concerned, defense counsel has identified "custodian of records" witnesses for vendors which sell to the plaintiff, which is allegedly in arrears to these vendors, but the testimony of those witnesses as to outstanding trade debts does not appear relevant to any cause of action raised in the complaint. Such witnesses comprise 12 of the 15 non-party witnesses, and the remaining witnesses include plaintiff's attorney in the transaction, Sang Park, whose office is in close proximity to the District, defendants' attorney in the transaction, and defendants' accountant. There is no suggestion or showing that it would be grossly inconvenient for the defendants' professional retainers to come to the District to testify.

16. Plaintiff has its own witnesses from the Washington, D.C. metropolitan area including District government personnel responsible for the non-assignment of the PSI defendant's dock lease to plaintiff, marine experts and repairmen who worked on the barges and cook-boat to resolve and repair defects for which defendant PSI is responsible, and plaintiff's own accountant.

17. For all of the foregoing reasons, defendants' motion to transfer venue should be denied.

                                                    /s/
                                             Simon M. Osnos [D.C. Bar 295006]
                                             7700 Leesburg Pike, #434
                                             Falls Church, Virginia 22043
                                             703-356-8233
                                             703-356-8428 [fax]

CERTIFICATE OF SERVICE

      On November 14, 2005, a copy of the foregoing was sent first class mail to defense counsel as follows:

Karen Doner
Williams Mullen
8270 Greensboro Drive, Suite 700
McLean, Virginia 22102

                                            /s/
                                            Simon M. Osnos