UNITED STATES DISTRICT COURT
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DNM SEAFOOD, INC. )<br>)<br>  Plaintiff )<br>)<br>v. )<br>)<br>PRUITT'S SEAFOOD, INC., *et al.* )<br>)<br>  Defendants ) | Civil No. 05-2181EGS<br>Judge E.G. Sullivan |

DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION
TO MOTION TO TRANSFER

Defendants, Pruitt's Seafood, Inc. ("Pruitt's Seafood"), and Stewart B. Pruitt ("Mr. Pruitt") (collectively "Defendants"), by counsel, hereby submit their reply to Plaintiff's Opposition to Defendants' Motion to Transfer.

**Argument**

I.  THE FORUM-SELECTION CLAUSES AS APPLIED IN THIS CASE ARE MANDATORY, NOT PERMISSIVE

Plaintiff contends that the forum-selection clauses in the Promissory Note and Security Agreement are permissive, unlike the clauses in the cases cited by Defendants in their Motion to Transfer. According to Plaintiff, this Court should disregard the forum-selection clauses and consider the forum non conveniens factors only.

Because Pruitt's Seafood's counterclaim to be filed is compulsory in nature and Pruitt's Seafood has the sole discretion to bring such action in Norfolk, the forum selection clauses have a mandatory effect upon Plaintiff. The fact that Pruitt's Seafood has the discretion, rather than a requirement, to have its claims litigated in Norfolk does not make the clauses permissive in nature. Under the Promissory Note and Security Agreement, Plaintiff <u>must</u> submit to venue in Norfolk.

"[A] choice of forum clause that governs the subject matter being litigated is a heavy factor in favor of transfer." *The Navajo Nation v. Peabody Holding Co., Inc.*, 209 F. Supp. 2d 269, 277 (D.D.C. 2002). Assuming, *arguendo*, that the parties' forum selection clauses were deemed permissive in nature, they are nevertheless entitled to serious consideration by the Court. *See e.g.*, *Asia North America Eastbound Rate Agreement v. Pacific Champion Service Corp.*, 864 F. Supp. 195, 199 (D.D.C. 1994) (while mandatory and exclusive forum selection clauses *preclude* transfer to another district absent bad faith, fraud, or fundamental unfairness, a "permissive forum selection clause should be given strong consideration"). When considering a transfer of venue in the case of a permissive forum selection clause, a court should balance the parties' selection of a forum with the factors set forth in § 1404(a). *Id.* at 198-99. As set forth in Defendant's Motion and below, the § 1404(a) factors weigh strongly in favor of transfer. Those factors, coupled with even a permissive forum selection provision, are dispositive.

II.   THE UNSUPPORTED FACTS ASSERTED IN PLAINTIFF'S OPPOSITION SHOULD NOT BE GIVEN ANY WEIGHT

None of Plaintiff's allegations in its Opposition are supported by affidavit or otherwise. Rather, Plaintiff makes conclusory allegations regarding witness convenience and other facts. In arguing against transfer, Plaintiff relies upon the following alleged facts: (1) "A substantial part of the purchase price is represented by a promissory note in favor of [Pruitt's Seafood] secured by business assets in the District." Plaintiff's Opposition, ¶ 1; (2) Plaintiff does business in, and is domiciled in, the District of Columbia; (3) Plaintiff's claims arise from the purchase of an enterprise solely located in the District of Columbia; (4) Plaintiff's rescission claim due to non-assignment of the dock lease "involves action, or non-action, by the District of Columbia, and has a clear nexus with the District." Plaintiff's Opposition, ¶ 6; (5) Plaintiff seeks damages based upon the alleged condition of the barges and cook-boat, which are located in the District of

Columbia; and (6) Plaintiff's fraudulent misrepresentation claim has a direct nexus with the District of Columbia based upon Mr. Pruitt's concession that meetings occurred in the District of Columbia and took place while Mr. Pruitt was on his cellular phone driving from the business to his house.

The fact that the Security Agreement relates to assets located in the District of Columbia, in addition to assets located in Virginia such as Plaintiff's residence, does not create a nexus to the District of Columbia any more so than it provides a nexus to Virginia. Similarly, Plaintiff's contention that the non-assignment of the dock lease has a clear nexus to the District is insignificant. It is unlikely that any District of Columbia government employees will need to be called as witnesses as the parties can rely upon and stipulate to written documentation on point. Notwithstanding, Plaintiff has failed to identify such individuals with any particularity.[1] Plaintiff's claim based upon the barges and cook-boat is barred as set forth in Defendant's previously-filed Motion to Dismiss, and thus, the location of these items is immaterial. Finally, Plaintiff's contention that its fraudulent misrepresentation claim has a direct nexus with the District of Columbia based upon Mr. Pruitt's concession that a few meetings occurred in the District of Columbia and took place while Mr. Pruitt was on his cellular phone driving from the business to his house is without merit. Mr. Pruitt's Affidavit clearly provides that most if not all of the meetings that took place in the District of Columbia were preliminary discussions before the decision was made to sell the business and before the substantive terms of the sale were discussed (i.e., those terms which are the subject of Plaintiff's claims). The remainder of those

---

[1] On this point, this case is similar to that of *Pyrocap International Corp. v. Ford Motor Co.*, 259 F. Supp. 2d 92 (D.D.C. 2003). In the *Pyrocap* case, Plaintiff relied heavily upon the presence in the District of Columbia of government agencies, representatives of which were potential witnesses. This Court found plaintiff's reliance to be misplaced where there was no need for live testimony in light of written reports.

discussions took place in Virginia, at Defendants' accountant's office in Accomac, or over the telephone while Mr. Pruitt was in Virginia.  See Exhibit A to Defendant's Motion to Transfer. Notwithstanding, Virginia law applies to Plaintiff's fraud and other claims -- *See* discussions, *infra* at Section III.

To counter the facts set forth in Mr. Pruitt's Affidavit regarding the convenience of witnesses, Plaintiff states the following:

> "Plaintiff has its own witnesses from the Washington, D.C. metropolitan area including District government personnel responsible for the non-assignment of the [Pruitt's Seafood] dock lease to plaintiff, marine experts and repairmen who worked on the barges and cook-boat to resolve and repair defects for which [Pruitt's Seafood] is responsible, and plaintiff's own accountant."

Plaintiff's Opposition, ¶ 16.  Plaintiff has not specifically identified its witnesses, let alone supported such assertions by affidavit or otherwise.  Thus, they should not be given any weight.

"Alleged hardship unsupported by particulars by way of proof or affidavit cannot be accorded much weight in balancing conveniences." *Hostetler v. Baltimore & Ohio R.R. Co.*, 164 F. Supp. 72, 74 (W.D. Pa. 1958) (transfer granted where party moving for transfer submitted affidavit and party opposing transfer did not).  "If a party alleges hardship he must support his allegations by proof or affidavit and the court should only consider those facts which are undisputed or are a matter of record in the form of affidavits, depositions, stipulations, or other documents."  1 Fed. Proc., L. Ed. § 1894 (Section 5. How To Obtain Transfer; a. Trial Court Proceedings; § 1894. Proof required)

Plaintiff asserts that the vendor witnesses identified by Defendants in Mr. Pruitt's affidavit "do not appear relevant."  To the contrary, these witnesses are essential to Pruitt's Seafood's compulsory counterclaim, which is based in part upon Plaintiff's failure to make timely payments to such vendors, which failure constitutes a default under the governing documents.

Plaintiff also makes the unfounded assertion that it would not be "grossly inconvenient for the defendants' professional retainers to come to the District to testify." Plaintiff's Opposition, ¶ 15. This allegation, like the others upon which Plaintiff relies, is not supported, particularly where Robey Hackney, the attorney who represented Pruitt's Seafood in the negotiations with Plaintiff, is no longer counsel for Pruitt's Seafood. Notwithstanding, a witness cannot be on "retainer" to testify at deposition or trial. Such a retainer would present a clear basis for witness impeachment.

III.   VIRGINIA, NOT DISTRICT OF COLUMBIA, SUBSTANTIVE LAW APPLIES

Plaintiff contends that application of Virginia conflicts law points to District of Columbia substantive law in this case. Such contention is without merit.

The Virginia Supreme Court stated the law on this issue more than a century ago in the case of *Union Central Life Ins. Co. v. Pollard*, 94 Va. 146, 26 S.E. 421 (1896):

> "Where, however, the parties to the contract have themselves expressly declared that their contract shall be held and construed as made with reference to a certain jurisdiction, that shows by what law they intended the transaction to be governed. And, as said by Phillimore (4 Int. Law, 469): 'It is always to be remembered that in obligations it is the will of the contracting parties, and not the law, which fixes the place of fulfillment--whether that place be fixed by express words or by tacit implication--as the place to the jurisdiction of which the contracting parties elected to submit themselves.' 'In every forum," said Chief Justice Marshall in Wayman v. Southard, 10 Wheat. 1, 48, "a contract is governed by the law with reference to which it is made.'

*Id.*, 26 S.E. at 422.

Likewise, a Virginia Circuit Court held:

> "To determine which law governs the contract, the court must first look to the Agreement itself. It is recognized in Virginia that "the *locus solutionis* [FN1] of a contract primarily depends upon the intention of the parties. It is a part of the principle of freedom of contract to choose the place where a contract shall be performed.

5

> This choice may be expressed in the contract itself; if not, it may be inferred from the surrounding circumstances." *Tate v. Hain*, 181 Va. 402, 411 (1943) (citing MINOR'S CONFLICT OF LAWS § 159). "[W]here parties to a contract have expressly declared that the agreement shall be construed as made with reference to the law of a particular jurisdiction, we will recognize such agreement and enforce it, applying the law of the stipulated jurisdiction." *Paul Bus. Sys. Inc. v. Canon U.S.A., Inc.*, 240 Va. 337, 342 (1990) (citing *Union Central Life Ins. Co. v. Pollard*, 94 Va. 146 (1896))."

*Global One Comm. v. Ansaldi & NNT Amer.*, 2000 WL 1210511, at *1 (Va. Cir. Norfolk 2000) (copy attached). *Lex loci solutionis* literally means the law of the place of the solution. It is "the law in the light of which the contract is to be read to determine the rights of the parties." MICHIE'S JURISPRUDENCE, *Conflict of Laws, Domicile & Residence* § 22 at 145.

The parties clearly intended for Virginia substantive law to be applied to their future disputes. The Security Agreement, for example, does not merely state that Virginia law applies. It expressly provides:

> This Security Agreement and the other related documents (a) **have been negotiated, executed and delivered in the Commonwealth of Virginia**, and (b) together with the rights and obligations of the parties hereunder and thereunder, shall be governed by, and construed and performed in accordance with, the laws of the Commonwealth of Virginia, except to the extent that the UCC provides for the application of other law with respect to the other collateral.

*See* Exhibit D to Defendants' Motion to Transfer (emphasis added). Although it excepts instances where the Uniform Commercial Code provides for a different state's law to apply, it makes no reference to when Virginia conflicts law provides so.

Plaintiff's circular argument concerning the choice of law provisions in the Sales Agreement and Security Agreement essentially devolves to a contention that while the parties expressly provided that Virginia law would apply to the transaction, they silently intended for

6

D.C. law to apply by virtue of Virginia choice of law rules. The Court should reject this absurd result.

IV.  **PLAINTIFF'S CHOICE OF VENUE IS OUTWEIGHED BY THE FORUM-SELECTION CLAUSES AND THE FORUM NON CONVENIENS FACTORS**

According to Plaintiff, its choice of forum should not be disturbed because transfer would merely shift the inconvenience from Defendants to Plaintiff. Plaintiff ignores the fact that it contractually agreed in two documents to litigate the parties' dispute in Norfolk if Pruitt's Seafood chose to do so, which it has. Where the parties have previously agreed to a forum for disputes to be heard, the deference traditionally accorded plaintiff's choice of forum is considerably decreased. *See OneBeacon Ins. Co. v. JNB Storage Trailer Rental Corp.*, 312 F. Supp. 2d 824, 832 fn. 10 (E.D. Va. 2004); *Overseas Partners, Inc. v. Progen Musavirlik Yonetim Hizmetleri, Ltd.*, 15 F. Supp. 2d 47, 54 (D.D.C. 1998) (Ordinarily, a court evaluating a motion to transfer venue "must first determine whether there exists an adequate alternative forum and, if there is, the court then must weigh the relative conveniences to the parties against the presumption of the plaintiff's forum selection. This analysis, however, changes when the parties have agreed to a forum-selection clause.").

Convenience to the parties and witnesses weigh heavily in favor of transfer to Norfolk. The vast majority of Defendants' key witnesses are located in or near Norfolk, whereas Plaintiff has not offered any sworn testimony regarding convenience of witnesses, which is the most critical factor for the Court to consider in ruling upon a § 1404(a) motion. *Chung v. Chrysler Corp.*, 903 F. Supp. 160, 164 (D.D.C. 1995). Defendants note that Plaintiff has not addressed the relative congestion of this Court and the potential transferee Court's calendars, thereby conceding that the Eastern District of Virginia would result in a speedier resolution for all parties.

## Conclusion

For the foregoing reasons and the reasons set forth in Defendants' Motion to Transfer, Defendants respectfully request that this Court grant their Motion.

                                            **PRUITT'S SEAFOOD, INC.**
                                            **STEWART B. PRUITT**

                                            By:_____/s_____
                                                          **Of Counsel**

Karen A. Doner (D.C. Bar No. 458626)
WILLIAMS MULLEN
8270 Greensboro Drive, Suite 700
McLean, VA 22102
(703) 760-5200
(703) 748-0244 (Fax)

William F. Devine (Va. Bar No. 26632)
David A. Greer (Va. Bar No. 24128)
Kendra J. Jarrell (Va. Bar No. 65583)
WILLIAMS MULLEN HOFHEIMER NUSBAUM
1700 Dominion Tower
Post Office Box 3460
Norfolk, Virginia 23514-3460
(757) 622-3366
(757) 629-0700 (Fax)

## Certificate Of Service

I HEREBY CERTIFY that on this 23rd day of November, 2005, a copy of the foregoing document was sent via e-filing, to:

> Simon M. Osnos, Esq.
> 7700 Leesburg Pike, #434
> Falls Church, VA 22043
> Counsel for Plaintiff

_____/s/_____
Karen A. Doner

1218798v2