Not Reported in S.E.2d                                                                                      Page 1
Not Reported in S.E.2d, 54 Va. Cir. 259, 2000 WL 33179850 (Va. Cir. Ct.)
(Cite as: 2000 WL 33179850 (Va. Cir. Ct.))

H

Circuit Court of Virginia.
Pamela Kim SMITH,
v.
Sara M. NONKEN,
and
Ruth Kellogg,
and
Gordon Milne, Jr.,
and
Cynthia G. Dellinger,
and
George V. Watkins,
and
Dellinger-Shenandoah Valley Realty, Inc.
No. CL98-129.

Dec. 15, 2000.

OPINION AND ORDER

McGRATH.

*1 This case is currently before the Court on Defendant's Motion for Summary Judgment. The Court, in an earlier decision on August 14, 2000, dismissed Plaintiff's causes of action sounding in fraud against these defendants and the three former defendants. For purposes of ruling on motions for summary judgment, this court, under well-established principles, must view the facts in a light most favorable to the nonmoving party. *E.g., Carson v. LeBlanc,* 245 Va. 135, 437 S.E.2d 189 (1993).

In June 1992, Defendants Nonken, Kellogg, and Milne by inheritance became the owners of a tract of real estate with improvements in Shenandoah County, Virginia. Around April 1993, Dellinger-Shenandoah Valley Realty, Inc., entered into a listing agreement with Nonken, Kellogg, and Milne to sell the property. In July 1993, the realtor showed the property to Plaintiff's husband two times; both times the realtor affirmed that the lower level of the house had an "electric radiant floor heating system," and that the heating and other mechanical systems in the house were in good working condition. Plaintiff's husband also met with the listing broker, who again affirmed that the lower level of the house had radiant heat. Following negotiations, Plaintiff tendered an offer to purchase the property. The contract, along with two standard form Virginia Association of Realtors Amendments of Contract of Purchase, dated July 27, 1993 and August 7, 1993, and a Presettlement Inspection document, dated September 10, 1993 were executed by one or more of the parties.

The basic contract of sale between the parties provides, in part,
  E. EQUIPMENT CONDITION AND INSPECTION. Purchaser agrees to accept the Property at settlement in its present physical condition, except as otherwise provided herein. Seller warrants that the appliances, heating and cooling equipment, plumbing and electric systems, and well and/or septic system will be in working order at the time of settlement or of Purchaser's occupancy, whichever occurs first ... Seller grants to Purchaser or his representative the right to make a preoccupancy or presettlement inspection to verify that the condition of the Property conforms to this contract.

The Plaintiff then retained a home inspector who performed on Plaintiff's behalf an inspection of the property and improvements sometime before August 7, 1993. On August 7, 1993, the remaining Defendants, Sara M. Nonken, Gorden Milne, Sr., and Ruth M. Kellogg and the Plaintiff, Pamela Kim Smith, signed a document entitled "Amendment of Contract Purchase" which states in pertinent part:
  "Now, therefore, in consideration of the premises and of the mutual promises of the parties set forth in the Contract herein, Seller and Purchaser agree that the Contract shall be amended as follows:
  p. 13, OTHER ITEMS, Home Inspection, Purchaser hereby removes the home Inspection contingency and will proceed to closing as per contract. Not to exclude any of the standard provisions.... Except as hereby expressly amended, the Contract shall remain in full force and effect as originally executed."
*2 Furthermore, on September 10, 1993, the day of settlement, a Presettlement Inspection document was signed by the Plaintiff and reads in part:
  "By contract dated, July 10, 1993, between, Nonken, Etals. (the Seller/sellers), and Pamela Kim Smith (sic) (the Purchaser/purchasers). Purchaser/purchasers have inspected the property, accept the property in its present condition and will proceed to closing as per contract. The Purchaser/purchasers also agree the Seller/sellers have fulfilled their obligations as per paragraph

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 1:05-cv-02181-EGS    Document 10-3    Filed 11/23/2005    Page 2 of 4

Not Reported in S.E.2d                                                                                                           Page 2
Not Reported in S.E.2d, 54 Va. Cir. 259, 2000 WL 33179850 (Va. Cir. Ct.)
**(Cite as: 2000 WL 33179850 (Va. Cir. Ct.))**

"E", Standard Provision of the contracts, EXCEPT FOR: *personal items in garage to be removed"*

Plaintiff alleges in her Motion for Judgment that nothing in the contract modifies in any way the Seller's warranty that the heating system would be in good operating condition which is contained in Standard Provision E. Therefore, Plaintiff alleges that Nonken, Kellogg, and Milne breached their warranty contained in Standard Provision E of the Contract as it relates to the radiant floor heating system in the lower level of the house and that Noken, Kellogg, and Milne are jointly and severally liable to Smith for her damages arising out of this breach.

The remaining defendants (i.e. the sellers) in this case move for summary judgment based upon the several contract documents executed by and between the parties. The Defendants raise two distinct basis's for their Motion for Summary Judgment. Defendant's first basis for summary judgment is that the warranties and representations provided in Paragraph E of the contract for sale, *supra*, was merged into the deed upon closing. Their second basis for summary judgment is that the Virginia Association of Realtors Amendment of Contract of Purchase, dated August 7, 1993, and the Presettlement Inspection document, dated September 10, 1993 effectively served as a waiver of the warranties and representations made in Paragraph E of the sales contract. The Defendants also allege that the Presettlement Inspection document was an "acceptance" of all of the appliances, heaters and related appliances in their current condition, and that the Plaintiff had accepted title to the real property in "as is" condition.

The Court must first consider whether the sales contract, including the warranties and representations in Paragraph E, were merged into the deed. Under the well-established doctrine of merger, "the deed of conveyance represents the final agreement of the parties and all prior agreements, oral or written, are merged into the deed of conveyance". *See, e.g., Empire Mgmt. & Dev. Co. v. Greenville Assocs., 255 Va. 53, 54, 496 S.E.2d 440 (1998).* However, agreements "which are collateral to the passage of title and not covered by the deed can survive its execution" and are not merged into the deed. *See Empire Mgmt. & Dev. Co. v. Greenville Assocs., 255 Va. 53, 54, 496 S.E.2d 440 (1998)* (agreement for payment rental income after transfer of property deemed collateral); *See also Davis v. Tazewell Place Assocs., 254 Va. 257, 492 S.E.2d 162 (1997)* (warranty that house to be constructed on property would be constructed in workmanlike manner held collateral); *Miller v. Reynolds, 216 Va. 852, 223 S.E.2d 883 (1976)* (agreement that land was suitable for percolation and would qualify for building permit found collateral); *Woodson v. Smith, 128 Va. 653, 104 S.E. 794 (1920)).* It is worth noting that in all of the preceding cases, as best as can be told from the record, the Court was dealing with the common law doctrine of merger, and not with a specific contractual provision that provided for merger, nor did the Court deal with an express contractual provision providing that warranties would expire upon the happening of a certain event (e.g.settlement).

*3 In this case, the contract for sale signed on July 10, 1993, contained a Section J, Entitled "MISCELLANEOUS" which provided, *inter alia*, the following language:

"This Contract represents the entire agreement between the Seller and Purchaser and may not be modified or changed except by written instrument executed by the Parties: PROVIDED, HOWEVER, that the provisions of paragraph 9 of this Contract may not be modified of changed without the written consent of the Listing Broker and the Selling Broker. This Contract shall be construed, interpreted and applied according to the laws of the Commonwealth of Virginia and shall be binding upon and shall insure to the benefit of the heirs, personal representatives, successors, and assigns of the Parties. To the extent any handwritten or typewritten terms herein conflict with or are inconsistent with the printed terms hereof, the handwritten or typewritten terms shall control. UNLESS OTHERWISE PROVIDED HEREIN, THE REPRESENTATIONS AND WARRANTIES MADE BY SELLER HEREIN AND ALL OTHER PROVISIONS OF THIS CONTRACT SHALL BE DEEMED MERGED INTO THE DEED DELIVERED AT SETTLEMENT AND SHALL NOT SURVIVE SETTLEMENT." (emphasis in originial).

After reviewing the cases cited, *supra*, and the explicit contractual language which provided "The Representations and warranties made by seller herein ... shall not survive settlement", this Court was prepared to hold that by explicit contractual provision, the sellers' warranties expired at settlement, and Plaintiff had no viable cause of action. However, the Supreme Court's Decision on November 2, 2000 in *Beck v. Smith*, Record No. 992904, (Va.S.Ct., Nov. 3, 2000) casts serious, and probably terminal doubt on that reasoning.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 1:05-cv-02181-EGS     Document 10-3     Filed 11/23/2005     Page 3 of 4

Not Reported in S.E.2d                                                                                                Page 3
Not Reported in S.E.2d, 54 Va. Cir. 259, 2000 WL 33179850 (Va. Cir. Ct.)
**(Cite as: 2000 WL 33179850 (Va. Cir. Ct.))**

In *Beck,* the plaintiffs executed a contract for the purchase of real estate from the defendant. The contract required the defendant to "obtain a building permit and to provide a general warranty deed subject to utility easements that do not materially and adversely effect (sic) the Purchaser's intended use of the Property..." *See Id.* The defendant seller granted a utility easement to an electric cooperative and the settlement occurred two days after the grant. The purchasers filed a breach of contract and fraud action. The *Beck* court noted that the contract provided a warranty that "any utility easement would 'not materially and adversely effect (sic) the ... intended use of the property' " by the purchasers and also provided that *"representations and warranties of the seller contained in the contract 'shall be deemed merged into the deed delivered at settlement and shall not survive settlement." See Beck v. Smith,* Record No. 992904, (Va.S.Ct., Nov. 3, 2000) (emphasis added). The *Beck* court noted that the above merger language was not repeated in the deed. Furthermore, the *Beck* court stated that in determining whether agreements between the parties regarding the purchase and sale of the property are collateral to the sale, the court must determine that they are distinct agreements made in connection with the sale of property, that they do not affect the title to the property, that they are not addressed in the deed, and that they do not conflict with the deed. *See Id.* The *Beck* court held that the sales contract regarding the impact of easements on the purchasers' intended use of the property was collateral to the transfer of title, and was not merged into the deed, and therefore survived the execution of the deed, *even when there was an express merger provision in the contract. See Beck v. Smith,* Record No. 992904, (Va.S.Ct., Nov. 3, 2000).

*4 In the case at hand, the contract for sale contains an express warranty, like the *Beck* sales contract, which is contained in paragraph E, as noted *supra.* Moreover, the contract for sale contains merger language in section J, entitled "MISCELLANEOUS", *supra,* which is very similar to the merger provision found in *Beck.* In this case, like in *Beck,* the contract for sale is a distinct agreement made in connection with the sale of property, it does not affect the title to the property, it is not addressed in the deed, and it does not conflict with the deed. *See Beck v. Smith,* Record No. 992904, (Va.S.Ct., Nov. 3, 2000). In light of the recent decision in *Beck v. Smith,* this Court is compelled to find that the warranties of the condition of the improvements on the land were collateral to the transfer of title, and that the contract for sale was not merged into the deed survived the execution of the deed despite the express contractual language in the "Miscellaneous" provision which was agreed to by both parties.

Turning to the Defendants' second grounds for summary judgment, the Court must consider whether the Presettlement Inspection document, dated September 10, 1993, and the Amendment of Contract Purchase dated August 7, 1993, acted as a waiver of the warranties and representations made in paragraph E of the contract for sale.

It is a well-established principal that contracting parties may "modify the terms of their contract by express mutual agreement". *See Stanley's Cafeteria, Inc. v. Albert Abramson, Et Al., Etc.,* 226 Va. 68, 72, 306 S.E.2d 870 (1983). Furthermore, "when one party claims that the other party has surrendered a right guaranteed by the contract, the party asserting such modification must prove either passage of valuable consideration, estoppel in pais, or waiver of the right". *See Stanley's Cafeteria, Inc. v. Albert Abramson, Et Al., Etc.,* 226 Va. 68, 73, 306 S.E.2d 870 (1983), (citing *Atlantic Coast Line v. Bryan,* 109 Va. 523, 65 S.E. 30 (1909)). The burden is on the party relying on a waiver to prove the other party's knowledge of the facts basic to the exercise of the right and the intent to relinquish that right. *See Stanley's Cafeteria, Inc. v. Albert Abramson, Et Al., Etc.,* 226 Va. 68, 73, 306 S.E.2d 870 (1983) (citing *Employers Ins. Co. v. Great American,* 214 Va. 410, 412-13, 200 S.E.2d 560. 562, (1970)). Furthermore, these two elements of wavier must be proven by "clear, precise and unequivocal evidence." *See Stanley's Cafeteria, Inc. v. Albert Abramson, Et Al., Etc.,* 226 Va. 68, 74, 306 S.E.2d 870 (1983) (citing *Utica Mutual v. National Indemnity,* 210 Va. 769, 773, 173 S.E.2d 855, 858 (1970);* accord *Schulze v. Kwik-Chek Realty,* 212 Va. 111, 112, 181 S.E.2d 629, 630 (1971)).

The Plaintiff argues that under the language of the Presettlement Inspection document and the Amendment of Contract Purchase, she did not relinquish her contractual warranty rights in Paragraph E. However, "mere disagreement about the meaning of otherwise unambiguous language does not make it ambiguous", and therefore the Court in the present case will look to the plain meaning of the contract for sale, the Amendment of Contract Purchase and the Presettlement Inspection document to determine the intent of the parties. *See Stuarts Draft Shopping Center, L.P. v. S-D Associates,* 251 Va. 483, 468 S.E.2d 885 (1996), (citing *Appalachian Power Co. v. Greater Lynchburg Transit Co.,* 236

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 1:05-cv-02181-EGS    Document 10-3    Filed 11/23/2005    Page 4 of 4

Not Reported in S.E.2d                                                                                                                     Page 4
Not Reported in S.E.2d, 54 Va. Cir. 259, 2000 WL 33179850 (Va. Cir. Ct.)
**(Cite as: 2000 WL 33179850 (Va. Cir. Ct.))**

Va. 292, 295, 374 S.E.2d 10, 12 (1988)). The Plaintiff also argues that the contract for sale provides, in the "Miscellaneous" provision, that it "represents the entire agreement between the Seller and Purchaser and may not be modified or changed except by written instrument executed by the parties" and therefore the Presettlement Inspection is not a modification of the contract because it was not signed by the Defendants. However, this position is contradicted by the Supreme Court's ruling in *A. William Reid and Rising Tide Productions, Inc. v. John J. Boyle, Et. Al.*, 259 Va. 356 (2000). In *Reid*, the Supreme Court of Virginia held that a written employment contract was modified by an oral contract and by the parties course of dealing even though the written contract stated that, the agreement could not be modified in any way unless by a written instrument signed by both the parties. See *A. William Reid and Rising Tide Productions, Inc., v. John J. Boyle, Et Al.*, 259 Va. 356, 527 S.E.2d 137 (2000). In this case, the Plaintiff *did sign* the Presettlement Inspection document, and because the Plaintiff is the one against whom the contract is being enforced, she is estopped from complaining that the other party had not signed the document.

*5 It is clear from Paragraph E of the contract for sale that the Plaintiff had a contractual right by express warranty "that the appliances, heating and cooling equipment, plumbing and electric systems, and well and/or septic system will be in working order at the time of settlement or of Purchaser's occupancy, whichever occurs first". It is important to note that Paragraph E also stated that purpose of the presettlement inspection was "to verify that the condition of the Property conforms to this contract." The Court finds that through the language of Paragraph E and the Plaintiff's signature on the contract for sale that the Plaintiff had knowledge of the facts basic to the exercise of the rights given under the contract, particularly those rights warranted in Paragraph E. Furthermore, the Court finds that the Plaintiff intentionally relinquished her rights under Paragraph E when she signed the Amendment of Contract Purchase that stated that the "Purchaser hereby removes the home inspection contingency"; and when the Plaintiff signed the presettlement inspection document that stated that the purchaser had "inspected the property, accept[s] the property in its present condition..." and that purchaser agrees that the sellers had "fulfilled their obligations as per paragraph "E". Plaintiff, having agreed in writing, after actually having an inspection done, that the Defendants had fulfilled their warranty obligations under Paragraph E, she cannot try to unring the bell.

The Court finds, that after taking into consideration all of the agreements made by the parties incident to the sale of the property, that the Defendants have by "clear, precise, and unequivocal evidence" proven that the Plaintiff, by express mutual agreement, with the knowledge of the facts basic to the exercise of the right and the intent to relinquish that right, knowingly waived her contractual rights under Paragraph E of the contract for sale by contractual modification.

Therefore, in light of the above, this case is hereby dismissed with prejudice. Additionally, in light of the decision by this Court to dismiss this case, Plaintiff's Motion in Limine on Damages is no longer an issue which the Court must decide and therefore is not addressed.

The Clerk of the Court is directed to send certified copies of this Opinion and Order to Richard E. Gardiner, Esq., 10560 Main Street, Suite 404, Fairfax, Virginia 22030, Counsel for Plaintiff, Pamela K. Smith; Timothty R. Hughes, Esq., 1301 K. Street, N.W. Suite 400, East Tower, Washington, D.C. 20005, Counsel for Former Defendants Dellinger-Shenandoah Realty, Inc., Cynthia G. Dellinger and George V. Watkins; and George W. Johnston, III., Esq., Kuykendall, Johnston, Mckee & Butler, P.L.C., P.O. Box 2760 Winchester, Virginia 22604, Counsel for Defendants Sara M. Nonken, Ruth Kellogg, and Gordon Milne, Jr.

Not Reported in S.E.2d, 54 Va. Cir. 259, 2000 WL 33179850 (Va. Cir. Ct.)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.