UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
DNM SEAFOOD, INC.,            )
                              )
          Plaintiff,          )
                              )
     v.                       )    Civil Action No. 05-2181 (EGS)
                              )
                              )
PRUITT'S SEAFOOD INC., et al.,)
                              )
          Defendants.         )
                              )
                              )
                              )
```

## ORDER

This case arises from the sale of a retail fish market business by defendant, Pruitt's Seafood, to plainitiff, DNM Seafood. Plaintiff financed the transaction by paying to Pruitt's Seafood a lump sum down payment of $650,000 and executed two Promissory Notes in favor of Pruitt's Seafood, totaling $2,350,000. Complaint ¶ 13. Plaintiff is currently in default under a Promissory Note. Affidavit of Stewart B. Pruitt, Defendant's Exhibit A at 2 ("Pruitt Aff."). In its Complaint, plaintiff alleges that it relied upon false representations made by defendant, Mr. Stewart B. Pruitt, the president of Pruitt's Seafood. Complaint ¶ 6. Pruitt's Seafood intends to file a counterclaim against plaintiff for breach of the Promissory Note.[1]  Defendant's Motion to Transfer at 4.

---

[1] The counterclaim is compulsory because it arises out of the transaction or occurrence that is the subject of the matter of plaintiff's action. Fed. R. Civ. P. 13(a).

The Court's jurisdiction in this case is founded upon the diversity of the parties.  28 U.S.C. § 1332.  The plaintiff is a resident of the District of Columbia, as is the business at issue.  Complaint ¶ 2, 8.  Defendant Mr. Pruitt is a resident of Virginia.  Complaint ¶ 4.  Defendant is a Virginia corporation. Pruitt Aff. at 2.[2]

Pending before the Court is defendant's motion to transfer this case to the United States District Court for the Eastern District of Virginia.  Defendants argue, *inter alia*, that a contractual forum selection clause entitles them to have the dispute heard in Virginia.  Plaintiff responds that the clause is permissive, not mandatory, and, therefore, no transfer of venue is merited.  Upon consideration of defendant's motion, the response and reply thereto, and the entire record, the Court concludes that defendant's motion is **GRANTED**.

Ordinarily, a court evaluating a motion to transfer venue "must first determine whether there exists an adequate forum and, if there is, the court must then weigh the relative conveniences to the parties against the presumption of the plaintiff's forum selection."  *Overseas Partners, Inc. v. Progen Musavirlik Yonetim Hizmetleri, Ltd.*, 15 F. Supp. 2d 47, 54.  If the parties have agreed to a forum selection clause, however, that clause "should control absent a strong showing that it should be set aside."

---

[2] The Complaint alleges that defendant Pruitt's Seafood is a District of Columbia Corporation.  Complaint at ¶ 3.

*Id.* (quoting *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972)).

Defendant points to two documents as evidence of a forum selection agreement: a Promissory Note and the Security Agreement which secured the Note. The Promissory Note was executed pursuant to a Sales Agreement dated April 28, 2004. The Note provides:

> Jurisdiction. The Maker hereby submits to the jurisdiction and venue of the Circuit Court of the City of Virginia and the United States Court for the Eastern District of Virginia, Norfolk Virginia, and agrees that the Noteholder may, at its option, enforce its rights under the Note in such courts.

Promissory Note, Defendant's Exhibit C at 4 ("Note"). The Security Agreement, dated May 3, 2004, provided:

> Jurisdiction. The Debtor irrevocably submits to the non-exclusive jurisdiction of the Circuit Court for the City of Virginia Beach, Virginia, and the United States District Court for the Eastern District of Virginia, and agrees that the Secured Party may, at its option, enforce its rights under the Security Agreement in such courts.

Security Agreement, Defendant's Exhibit D at 10 ("Security Agreement").

Plaintiff argues that defendant relies on provisions that are permissive, not mandatory, and, therefore, that transfer is inappropriate. Specifically, plaintiff points to the Note's language that plaintiff "submits to jurisdiction" in the aforementioned courts, and defendant "may, at its option, enforce its rights under the Note in such courts." Plaintiff also points

to the language in the Security Agreement referencing "non-exclusive jurisdiction."  Because Pruitt's Seafood's counterclaim to be filed is compulsory in nature and Pruitt's Seafood has the sole discretion to bring such action in Norfolk, the forum selection clauses have a mandatory effect upon the plaintiff.  The fact that defendant has the discretion, rather than the requirement, to have its claims litigated in Norfolk does not make the clause permissive in nature.

Plaintiff further argues that because the language does not unequivocally state that venue shall *only* lie in the above-referenced jurisdictions, venue is proper.  *See Byrd v. Admiral Moving and Storage, Inc.*, 355 F. Supp. 2d 234, 239 (D.D.C. 2005).  The holding in *Byrd*, however, is inapplicable to the circumstances in this case.  The plaintiff in *Byrd* was a *pro se* litigant, and the Court found that plaintiff was not a "sophisticated business person negotiating at arms length . . . [E]ven if she had noticed [the forum selection clause], [she might] not have understood what it meant."  *Id.* at *238*.  Those circumstances are not present in this case; plaintiff has not suggested that it lacked the sophistication to negotiate a contract.  Therefore, the Court has no reason to suspect that plaintiff was incapable of noticing and understanding a contract's forum selection clause.

Accordingly, it is hereby **ORDERED** that defendant's motion to

transfer venue is **GRANTED;** and it is

**FURTHER ORDERED** that this case be transferred to the United States District Court for the Eastern District of Virginia.

**SO ORDERED.**

**Signed by:**      **EMMET G. SULLIVAN**
                    **UNITED STATES DISTRICT JUDGE**
                    **April 20, 2006**